UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Jessica Galloway,<br><br>        Plaintiff,<br>v.<br><br>GC Services Limited Partnership,<br><br>        Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Michigan Collection Practices Act, M.C.L. § 445.251 et seq. ("MCPA"), and the Michigan Occupational Code, M.C.L. §339.901 et. seq. ("MOC") by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Jessica Galloway (also referred to as "Ms. Galloway" in this Complaint) is a natural person who resides in the County of Ionia, State of

      Michigan, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a), and is "person" as defined by 47 U.S.C. § 153(39), as well as a "consumer" and "debtor" as those terms are defined by M.C.L. § 445.251(d).

5. Defendant GC Services Limited Partnership, (hereinafter "Defendant" and/or "GCS") is a Deleware entity, operating as a collection agency headquartered in Houston, Texas, with a domestic registered agent in Bingham Farms, Michigan.

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant is a "collection agency" as that term is defined by M.C.L. § 445.251(b).

8. Defendant and its employees are "regulated persons" as that term is defined by M.C.L. § 445.251(g).

## FACTUAL ALLEGATIONS

9. In or around August of 2008, Plaintiff incurred a student loan obligation that was primarily for personal, family, or household purposes.

10. Sometime thereafter, Plaintiff defaulted on her obligation, and the account was assigned, sold, or otherwise transferred to Defendant for collection.

11. During May of 2014, Defendant began its efforts to collect on this debt.

12. Defendant knew the Plaintiff was represented by legal counsel on or before May 20, 2014, when Defendant sent its initial communication with Plaintiff to Plaintiff's counsel directly.

13. On or about June 20, 2014, Defendant sent another communication with Plaintiff through her legal counsel at P.C., P.O. Box 9, Lowell, Michigan 49331.

14. Defendant called Plaintiff's cell phone on May 19, 2014; May 22, 2014; May 23, 2014, June 23, 2014; and August 12, 2013, leaving voicemail messages asking for a return phone call.

15. Defendant called Plaintiff's grandparents' home on or about May 23, 2014.

16. Defendant called Plaintiff's father on or about May 21, 2014; May 22, 2014; and May 23, 2014.

17. On or about August 6, 2014, Defendant contacted Plaintiff by mailing a document entitled "Settlement Agreement" that was signed by a GC Services/Sallie Mae Inc. agent or employee, sent to Plaintiff's counsel and to her mailing address.

18. On or about August 11, 2014; August 21, 2014; August 27, 2014; Ms. Galloway, through her counsel, conversed with Defendant regarding the alleged debt.

19. On or about September 5, 2014, at approximately 11:24, Defendant called Ms. Galloway's cell phone.

20. These repeated collection calls were illegal attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(6), 1692c(a)(2), 1692d, 1692e(11), and 1692f; the MCPA, including but not limited to M.C.L. § 445.252(f), (h), (n), and (q), amongst others; and the MOC, including but not limited to M.C.L. § 339.915(f), (h), (n), and (q).

21. This series of abusive collection calls by Defendant caused Plaintiff to at times cry and made her physically ill because of the illegal manner in which this debt was collected by Defendant.

22. As a direct, actual, and proximate result of the acts and omissions of Defendant GC Services, Plaintiff has suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

23. This series of illegal collection calls by Defendant GC Services pushed Plaintiff to consider bankruptcy as a way to stop the illegal collection activity.

24. This series of abusive collection calls by Defendant pushed Plaintiff to become so stressed that she was afraid to answer her own phone, and often would not want to get out of bed.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

28. Defendant violated 15 U.S.C. § 1692b(6) each time it called a third party, including Plaintiff's father and Plaintiff's grandfather, after it had knowledge of attorney representation

29. Defendant violated 15 U.S.C. § 1692c(a)(2) each time it called the Plaintiff after it had knowledge of attorney representation.

30. Defendant violated 15 U.S.C. § 1692c(a)(2) each time it mailed a communication to Plaintiff after it had knowledge of attorney representation.

31. Defendant violated 15 U.S.C. § 1692d each time it called the Plaintiff after it had knowledge of attorney representation, the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

32. Defendant violated 15 U.S.C. § 1692d each time it violated the MOC, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

33. Defendant violated 15 U.S.C. § 1692d each time it violated the MCPA, as detailed in this Complaint, the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

34. Defendant violated 15 U.S.C. § 1692e(11) on failed to disclose that the communication was from a debt collector when it contacted Plaintiff on or about May 19, 2014; May 22, 2014; May 23, 2014, June 23, 2014; and August 12, 2013.

35. Each phone call by the Defendant after it had knowledge of attorney representation, is a violation 15 U.S.C. § 1692f because it was an unfair or unconscionable means to attempt to collect a debt.

36. Each violation of the MCPA by the Defendant, as outlined in this Complaint, is a violation 15 U.S.C. § 1692f because it was an unfair or unconscionable means to attempt to collect a debt.

37. Each violation of the MOC by the Defendant, as outlined in this Complaint, is a violation 15 U.S.C. § 1692f.

38. Defendant's conduct, as a whole, violated 15 U.S.C. § 1692f because its actions were unfair or unconscionable means to attempt to collect a debt.

39. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT II.
### VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT
### M.C.L § 445.251 *et seq.*

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MCPA including, but not limited to, each and every one of the above-cited provisions of the MCPA, M.C.L. § 445.251 *et seq.*, with respect to Plaintiff.

42. Defendant violated M.C.L. § 445.252(f) by misrepresenting the legal rights of the debtor each time it contacted Plaintiff after knowing that Plaintiff was represented by counsel.

43. Defendant violated M.C.L. § 445.252(h) each time it communicated with the Plaintiff after it knew of Plaintiff's legal representation.

44. Defendant violated M.C.L. § 445.252(n) by using a harassing method to collect a debt each time it communicated with the Plaintiff after it knew Plaintiff was represented by legal counsel.

45. Defendant violated M.C.L. § 445.252(n) by using an oppressive method to collect a debt each time it communicated with the Plaintiff after it knew Plaintiff was represented by legal counsel.

46. Defendant violated M.C.L. § 445.252(n) by using an abusive method to collect a debt each time it communicated with the Plaintiff after it knew Plaintiff was represented by legal counsel.

47. Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by Defendant's employees.

48. As a result of Defendant's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant herein.

## COUNT III.
## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE
## M.C.L. § 339.901 et seq.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MOC including, but not limited to, each and every one of the above-cited provisions of the MOC, M.C.L. § 339.911 *et seq.*, with respect to Plaintiff.

51. Defendant violated M.C.L. § 303.915(f) by misrepresenting the legal rights of the debtor each time it contacted Plaintiff after knowing that Plaintiff was represented by counsel.

52. Defendant violated M.C.L. § 303.915(h) each time it communicated with the Plaintiff after it knew of Plaintiff's legal representation.

53. Defendant violated M.C.L. § 303.915(n) by using a harassing method to collect a debt each time it communicated with the Plaintiff after it knew Plaintiff was represented by legal counsel.

54. Defendant violated M.C.L. § 303.915(n) by using an oppressive method to collect a debt each time it communicated with the Plaintiff after it knew Plaintiff was represented by legal counsel.

55. Defendant violated M.C.L. § 303.915(n) by using an abusive method to collect a debt each time it communicated with the Plaintiff after it knew Plaintiff was represented by legal counsel.

56. Defendant violated M.C.L. § 303.915(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by Defendant's employees.

57. As a result of Defendant's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916, from Defendant herein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

**COUNT I.**

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq*.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff.

## COUNT II.
## VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT
## M.C.L. § 445.251 *et seq*.

- for damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff.

## COUNT III.
## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE
## M.C.L. § 339.901 *et seq*.

- for damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2) against Defendant and for Plaintiff.

                                            Respectfully submitted,

                                            GOLDEN LAW OFFICES, P.C.

Dated: September 16, 2014

                                            /s/ B. Thomas Golden
                                            B. Thomas Golden (P70822)
                                            Attorney for the Plaintiff
                                            2186 West Main Street
                                            P.O. Box 9
                                            Lowell, Michigan 49331
                                            Telephone: (616) 897-2900
                                            Facsimile: (616) 897-2907
                                            btg@bthomasgolden.com